UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN A. MURPHY and | : | |
| KATHLEEN A. MURPHY, | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:13-CV-00942 (JCH) |
| | : | |
| v. | : | |
| | : | APRIL 14, 2014 |
| CITY OF STAMFORD ET AL., | : | |
| Defendants. | : | |

**RULING RE: PLAINTIFFS' MOTION FOR RECONSIDERATION (Doc. No. 46) AND DEFENDANTS' MOTION TO DISMISS COUNT TEN OF THE FIRST AMENDED COMPLAINT (Doc. No. 53)**

### I.   INTRODUCTION

On October 25, 2013, the court granted defendants' Motion to Dismiss (Doc. No. 33) on Counts One, Two, Four, and Six through Nine of the Complaint filed by plaintiffs Karen and Kathleen Murphy ("the Murphys") against them.  Ruling Re: Defendants' Motion to Dismiss ("Oct. 2013 Ruling") (Doc. No. 45).  The Murphys then filed a Motion for Reconsideration (Doc. No. 46).  Memorandum of Law in Support of Defendants' Motion for Reconsideration ("Pls.' Mem.") (Doc. No. 46-1).  The Motion is **GRANTED IN PART** and **DENIED IN PART**.

The court's October 2013 Ruling provided the Murphys with leave to replead Count Ten of their Complaint.  Ruling at 17.  The Murphys filed an Amended Complaint on November 15, 2013.  Amended Complaint ("Amend. Compl.") (Doc. No. 47).  Defendants City of Stamford, Frank Kirwin, Bill Jessa, Board of Assessment Appeals, Anne S. Peskin, Shawn Costello, George Sessa, Raymond W. Leyden, Starr Merrit, and Joseph Capalbo (collectively "Stamford") have filed a Motion to Dismiss Count Ten of

1

the Amended Complaint.  Defendants' Motion to Dismiss Count Ten of the First Amended Complaint ("Def.'s Mot. to Dismiss") (Doc. No. 53).  The Motion is **GRANTED**.

## II. STANDARD OF REVIEW

The standard for granting a motion for reconsideration is strict, and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995).  A court should not grant a motion for reconsideration where the moving party seeks only to relitigate an issue already decided.  See id.  In general, granting a motion for reconsideration is only justified if there is an intervening change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice.  See Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).

The standard of review for motions to dismiss is set forth in the October 2013 Ruling.  Ruling at 7-9.

## III. DISCUSSION

### A. Motion for Reconsideration

The Murphys first take issue with the court's decision, in its September 2013 Ruling on the Murphys' Objection to Notice of Removal/Motion to Remand ("Objection") (Doc. No. 28), to reserve the question of whether the Tax Injunction Act ("TIA") barred their constitutional claims for the defendants' Motion to Dismiss.  Pls.' Mem. at 1-2, 5-7.  They argue that the court should have addressed the applicability of the TIA in its Ruling on their Objection to defendants' Motion to Remand, and that, upon finding that the TIA did apply, the court should have remanded their claims without ruling on defendants'

Motion to Dismiss.  Id. at 7.  While this challenge should have been mounted in a separate motion for reconsideration of the court's September 2013 Ruling on their Objection, rather than in a motion for reconsideration of the court's October 2013 Ruling on defendants' Motion to Dismiss, the court excuses its untimeliness.

The court erred in dismissing the Murphys' constitutional claims once it found that the TIA stripped it of jurisdiction to consider these claims.  Title 28, United States Code, section 1447(c) requires that a case be remanded, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  Thus, Counts One and Six through Eight should have been remanded to the Stamford Superior Court.  The Motion for Reconsideration is granted on this basis, the prior Ruling dismissing Counts One and Six through Eight is vacated, and these four Counts are remanded to the Stamford Superior Court.

The court must also correct a typographical error made in the October 2013 Ruling.  As the Murphys rightly note, the October 2013 Ruling is unclear on which Counts of the Complaint are remanded and which are dismissed.  The October 2013 Ruling first states that "Counts Two, Four, and Nine shall be remanded to the Stamford Superior Court with Counts Three and Five."  Oct. 2013 Ruling at 17.  It then states that "Counts One, Two, Four, and Six through Nine of the Murphys' Complaint are dismissed."  Id.  To clarify, the October 2013 Ruling intended to remand Counts Two, Four, and Nine to the Stamford Superior Court, conditioned on the Murphys' ability to cure a defect in the pleadings for their section 1985(3) claim.  Oct. 2013 Ruling at 17.

3

The rest of the Murphys' arguments for reconsideration, however, either misapprehend the applicable law here, or attempt to relitigate issues already decided, and thus cannot succeed.

The Murphys assert that the court's October 2013 Ruling is inconsistent with a Ninth Circuit opinion holding that the merits of a Board of Assessment and Appeal's decision on a taxpayer's challenge to a tax assessment were irrelevant to determining the constitutional due process rights of taxpayers. Id. at 7-8. Plaintiffs previously cited this case — William Jefferson & Co., Inc. v. Bd. of Assessment Appeals No. 3 ex rel. Orange County, 695 F.3d 960 (9th Cir. 2012) — in their Objection, and appear to again cite it as the basis for their claim that declaratory judgments are not subject to the TIA. Id. at 8; see also Objection at 6. It is unclear how the William Jefferson holding supports the Murphys' argument here, or what relevance it has to the October 2013 Ruling, which never reached the merits in the Murphys' case. Furthermore, contrary to the Murphys' apparent claim that, because the Ninth Circuit considered a due process challenge to a state tax board's hearing procedures, the TIA does not apply to declaratory judgments on whether state tax laws are unconstitutional, the Supreme Court has very clearly held otherwise. See California v. Grace Brethren Church, 457 U.S. 393, 408 (1982); see also Ruling at 10.

The Murphys additionally argue, no more convincingly than in their Objection, that the TIA does not apply here because defendant Stamford removed this case to federal court. Pls.' Mem. at 9-10; see also Objection at 5-6. As the October 2013 Ruling determined — and the court continues to adhere to that determination — neither the Second Circuit nor the Supreme Court has held that the TIA's preclusion of

4

jurisdiction over taxpayer challenges to the assessment, levy, or collection of state taxes is void when a city removes this challenge to federal court.  Oct. 2013 Ruling at 9 n.2.

Lastly, the Murphys claim that the October 2013 Ruling's conclusion that they have an opportunity to raise their constitutional challenges pursuant to Connecticut General Statutes, section 12-129, is an incorrect reading of that statute.  Pls.' Mem. at 10.  On this matter, however, the October 2013 Ruling merely follows the Second Circuit's holding in Marshall v. Town of Middlefield, 360 Fed.Appx. 227 (2d Cir. 2010), which affirms a district court finding that section 12-129 allows for constitutional challenges to be brought by taxpayers.[1]  See Marshall v. Town of Middlefield, 360 Fed. Appx. 227, 228-29 (2d Cir. 2010); Marshall, 3:07-cv-1079, 2008 WL 5157753, at *4 (D. Conn. Dec. 5, 2008).  They also note that the October 2013 Ruling failed to address "the issue that taxpayers in the State of Connecticut may contest their taxes in other than refund actions."  Pls. Mem. at 10.  The Murphys never establish how this issue is relevant to their charge that Connecticut does not provide an adequate remedy for their alleged injury.  The Motion for Reconsideration is therefore denied on all grounds other than the matter of remand. See supra at 2.

### B. Motion to Dismiss Count Ten

Stamford seeks to dismiss Count Ten of the Murphys' Amended Complaint on two grounds: 1) Count Ten insufficiently pleads a claim under title 42, United States Code, section 1985(3), and 2) the Murphys' section 1985(3) claim is precluded by the

---

[1] The Murphys also suggest that the Ruling misquotes Marshall v. Town of Middlefield, 360 Fed.Appx. 227 (2d Cir. 2010). Pls.' Mem. at 10.  The Ruling, however, quotes the lower court decision.  Compare Ruling at 14 with Marshall v. Town of Middlefield, 3:07-cv-1079, 2008 WL 5157753, at *4 (D. Conn. Dec. 5, 2008).

intracorporate conspiracy doctrine.[2]  Defs.' Mot. to Dismiss at 12, 13.  Because the court agrees that the intracorporate conspiracy doctrine bars the Murphys' section 1985(3) claim, it does not address whether said claim is sufficiently pled.

To plead a cause of action under section 1985(3), a plaintiff must allege a conspiracy involving two or more legal entities.  See 42 U.S.C. § 1985(3); Girard v. 94th & 5th Avenue Corp., 530 F.2d 66, 70 (2d Cir. 1976); Hartline v. Gallo, No. 03-civ-1974, 2006 WL 2850609, at *9 (E.D.N.Y. Sept. 30, 2006), vacated on other grounds, 546 F.3d 95 (2d Cir. 2008).  Under the intracorporate conspiracy doctrine, no section 1985(3) conspiracy exists "if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment."  Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978).  According to the doctrine, allegations of conspiratorial conduct between a public entity and its employees do not create a section 1985(3) conspiracy, and a municipality and its employees form a single public entity.  Hartline, 546 F.3d at 99 n.3; Hartline, 2006 WL 2850609 at *9.  All of the individual defendants alleged to have conspired against the Murphys are employees of the same public entity—the city of Stamford.  See Amend. Compl. at ¶¶ 4-8.  The specific conspiratorial actions defendants are alleged to have taken all pertain to their respective duties as employees.

---

[2] In response to an Order to Show Cause issued by the court, the Murphys assert that their section 1985(3) claim should be dismissed if the court affirms that it lacks subject matter jurisdiction over their section 1983 claim, because their section 1985(3) cannot be adjudicated without the court finding that the Murphys suffered a constitutional deprivation from the defendants' conduct of their tax assessment.  Plaintiffs' Response to the Court's Order to Show Cause (Doc. No. 58) at 2.  While the court believes that this argument may have merit, it declines to address it because it has found a separate basis for dismissing the Murphys' section 1985(3) claim.

Thus, the intracorporate conspiracy doctrine precludes the Murphys' section 1985(3) claim.

The Murphys dispute the applicability of the intracorporate conspiracy doctrine to their allegations by arguing that the alleged conspiracy against them was perpetuated by two discrete decision-making bodies—the Assessors' Office and the Board of Assessment Appeals. Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Count Ten of the Plaintiffs' First Amended Complaint ("Pls.' Opp.") (Doc. No. 61) at 12. However, they provide no legal authority for their suggestion that, under the doctrine, a municipal agency is a discrete public entity if it has its own decision-making authority, id. at 13, and the court finds this proposition incompatible with other courts' application of the doctrine. See, e.g., Herrmann, 576 F.2d at 459 (finding that the intracorporate conspiracy doctrine barred a section 1985(3) claim against a law school, its dean, trustees, and faculty); Hartline, 2006 WL 2850609 at *9 (applying the doctrine to a claim against city, city police department, and police officers); Longshore-Pizer v. State of Connecticut, No. 3:04-cv-1601, 2005 WL 2253603, at *4 (D. Conn. Sept. 13, 2005) (applying the doctrine to a claim against state, state mental health agency, and agency employees).

The Murphys also argue that, even if defendants are employees of the same public entity, their section 1985(3) claim falls within the "scope of employment" and "multiple discriminatory acts" exceptions to the intracorporate conspiracy doctrine. Pls.' Opp. at 14-15. Where alleged conspirators that are members of one single public entity "are shown to be each acting with independent motives," i.e., with a "separate, personal stake in carrying out the entity's objective," they cannot be said to be acting within the

7

scope of their employment and, thus, the doctrine does not apply. Mendoza v. County of Nassau, No. 11-cv-02487, 2012 WL 4490539, at *8 (E.D.N.Y. Sept. 27, 2012) (internal quotation marks and citations omitted); see also Girard, 530 F.2d at 71-72 (finding no section 1985(3) conspiracy where the plaintiff "did not allege that the individual defendants were motivated by any independent personal stake in achieving the corporation's objective."). The Murphys, however, have alleged nothing to show that each of the defendants' actions were guided by motives independent of "a purpose to serve [their] employer," or that said actions were undertaken for any purpose other than in furtherance of defendants' official duties, and thus their allegations are not entitled to this exception. See Lima LS PLS v. PHL Variable Ins. Co., No. 3:12-cv-1122, 2013 WL 3327038, at *14 (D.Conn. July 1, 2013) ("No conspiracy can be found where the allegedly wrongful conduct "occurs within the employer's authorized time and space limits; (2) is of the type that the employee is required to perform; and (3) is motivated, at least in part, by a purpose to serve the employer.").

The Murphys' assertion that the "multiple discriminatory acts" exception applies to their section 1985(3) claim similarly fails. The intracorporate conspiracy doctrine does not reach allegations of repeated, continuing discriminatory episodes perpetrated by a public entity and its agents. Yeadon v. New York City Transit Authority, 719 F.Supp.204, 212 (S.D.N.Y. 1989). The allegations the Murphys cite as "multiple discriminatory acts," however, do not show discrete instances of discrimination, or discrimination at all, but rather are the "tacit understandings" and "overt acts" taken in furtherance of one alleged conspiracy to deprive the Murphys of a constitutionally appropriate tax assessment of their property. Compare Pls.' Opp. at 10-11, 15

(characterizing defendants' alleged collusion to use unsupportable date and computations for the Murphys' property assessment, defendants' alleged arranging for the tax assessor of the Murphys' property to be present at the Murphys' appeal hearing, defendants' alleged delegation of the Board of Assessment Appeal's decision-making authority to the tax assessor in reviewing the Murphys' tax assessment, and corporation counsel's alleged production of unreasonable legal advice as multiple acts of discrimination) with Yeadon, 719 F.Supp. at 207, 212 (finding that class action arising out of pattern of race-based false arrests and prosecutions initiated by multiple city police officers over a four-year period fell within the multiple discriminatory acts exception).

Defendants' Motion to Dismiss Count Ten of the First Amended Complaint is therefore **GRANTED**.

### IV.     CONCLUSION

For the aforementioned reasons, the Murphys' Motion for Reconsideration is **GRANTED IN PART**, the dismissal of their section 1983 claims is **VACATED**, and these claims (Counts One and Six through Eight) are hereby remanded to state court. The Motion is **DENIED** on the remainder of the Murphys' arguments for reconsideration.

Defendants' Motion to Dismiss Count Ten of the First Amended Complaint is **GRANTED**.  Because the October 2013 Ruling made remand of the Murphys' state law claims—Counts Two, Four, and Nine—subject to the Murphys' ability to replead a section 1985(3) claim, these Counts must also be remanded.  Counts Three and Five, which are also state law claims, are also remanded.

The Clerk of the Court is thus directed to remand Counts One through Nine of the Murphys' Complaint to the Stamford Superior Court for adjudication.

**SO ORDERED.**

Dated at New Haven, Connecticut this 14th day of April, 2014.

                                                                   /s/ Janet C. Hall\
                                                                 Janet C. Hall\
                                                                 United States District Judge